UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 12-CR-20285
HON. GEORGE CARAM STEEH

LAZDER GILAJ,

    Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION TO DISMISS BASED ON ALLEGED VIOLATION OF CONSTITUTIONAL RIGHT TO SPEEDY TRIAL (Doc. 87)

    Defendant Lazder Gilaj has been indicted with several other individuals in a third superseding indictment for conspiracy to distribute marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a) and 846, and also with conspiring to smuggle aliens in violation of 8 U.S.C. § 1324. Now before the court is Gilaj's motion to dismiss based on his Sixth Amendment right to a speedy trial. Oral argument was heard on October 29, 2013. Because the delays in this case have been the result of the complexity of the issues involved and the government's production of voluminous records, many of which had to be translated from Albanian, and because Gilaj has failed to show particularized prejudice, his motion shall be denied.

PROCEDURAL AND FACTUAL BACKGROUND

    On March 12, 2012, Gilaj was arrested on charges in a complaint alleging smuggling items into the United States in violation of 18 U.S.C. § 545, and conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371. He has

been incarcerated in the custody of the United States Marshal's since that time. According to the government, the complaint was brought prior to the conclusion of the government's investigation of Gilaj's involvement in a marijuana smuggling conspiracy from Canada, because he had been ordered to be deported by United States immigration authorities and would have been unavailable for prosecution at a later time. The government accuses Gilaj of smuggling large bundles of marijuana from Canada across the Detroit River to individuals in Chicago, Illinois. On May 2, 2012, the government indicted Gilaj for conspiring to distribute marijuana, and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Shortly thereafter, on July 16, 2012, Gilaj filed a motion to sever from the other defendants on the grounds that he wanted to protect his right to a speedy trial and wanted to commence trial as quickly as possible. (Doc. 29). On August 8, 2012, Judge Edmunds denied the motion to sever, and granted his co-defendant's motion for recusal and declared the time between July 16, 2012, and the date the new judge sets for a pretrial conference as excusable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). The case was reassigned to this judge and a status conference was held on August 28, 2012.

On October 22, 2012, Gilaj was arraigned on a superseding indictment that added two defendants to the same charges of the original indictment. This court entered a scheduling order on December 27, 2012, setting the jury trial date of this matter for February 19, 2013. On March 27, 2013, Gilaj was arraigned on a second superseding indictment which added three more defendants to the same charges set forth in the original indictment. On April 1, 2013, Gilaj's attorney filed a motion to

withdraw based on his suspension from the practice of law and new counsel was appointed on April 4, 2013. On May 1, 2013, Gilaj filed a motion requesting a speedy trial. (Doc. 74). This court denied without prejudice Gilaj's motion for a speedy trial on May 14, 2013. Shortly thereafter, on September 3, 2013, Gilaj filed a motion to dismiss based upon an alleged violation of his Sixth Amendment right to a speedy trial which is the matter now before the court.

Although the possession with intent to distribute marijuana count involved a discrete time period from July 10, 2011 until July 16, 2011, the government states that it was part of a much larger and longer conspiracy involving many other criminal activities, including alien smuggling, extortion and obstruction of justice. In fact, after Gilaj filed his motion to dismiss, and after the government filed its response brief, the government filed a third superseding indictment on October 1, 2013, adding a new count against Gilaj, and others, alleging that he has conspired to smuggle aliens in violation of 8 U.S.C. § 1324.

Count Three of the third superseding indictment alleges that the alien smuggling conspiracy began in 2007 and charges Gilaj with using his reputation in the Albanian and Balkan communities to facilitate the smuggling of aliens from Canada to the United States and vice versa across the Detroit River in his boat. In furtherance of the conspiracy, the government alleges that Gilaj pretended to cooperate with U.S. Border Patrol by occasionally turning in aliens to be smuggled or who had already been smuggled into the country in order to protect his conspiracy from prosecution. The government also accuses him of turning in information about the activities of his

competitors and providing disinformation to federal agents in order to safeguard his own smuggling activities.

The government has advised Gilaj and the court that Gilaj was the subject of court authorized electronic surveillance during the end of 2010 and through the beginning of 2011. These numerous interceptions, which number in the thousands, are largely in Albanian. The government has provided this discovery to Gilaj from June to September, 2013. The discovery includes 17,697 pages, 42 DVDs, and 17,387 audio files. Based on the complexity of the years-long alien smuggling conspiracy and the voluminous records involved which require translation, the government argues that Gilaj's Sixth Amendment speedy trial rights have not been violated.

## ANALYSIS

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial and public trial." U.S. Const. amend. VI. In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, the court is to consider four factors as set forth by the Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972). The factors are (1) whether the delay was uncommonly long, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant. Id. at 530. No one factor constitutes a "necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Id. at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Id. The court analyzes each of the four factors below.

1. Length of the delay

The Supreme Court has held that the length of the delay is a "triggering" mechanism, for which if the delay is not significant enough to be deemed "presumptively prejudicial," there is no need for the court to address the other three factors. Id. at 530. Whether the delay is long enough to be deemed "presumptively prejudicial" is a factual inquiry which will vary depending on the nature of the case. As the Supreme Court explained, "[t]o take but one example, the delay that can be tolerated for an ordinary street crime is significantly less than for a serious, complex conspiracy charge." Id. Gilaj was arrested on March 12, 2012, thus the trial of this matter has been delayed for over one year. The Sixth Circuit has held that a delay of one year is "presumptively prejudicial and triggers application of the remaining three factors." United States v. Bass, 460 F.3d 830, 836 (6th Cir. 2006) (citations omitted). Thus, the court evaluates the other three factors.

2. The reason for the delay

This case involves a sixteen-defendant international drug and alien smuggling conspiracy spanning at least five years. The discovery in this case is extremely voluminous and involves lengthy surveillance interceptions of conversations in Albanian which require translation. The government contends that its production of voluminous discovery and ongoing translation of intercepted phone calls has consumed a considerable amount of time. The government further argues that Gilaj would not be prepared to go to trial until after an examination of all the discovery materials including his own intercepted phone calls. The Sixth Circuit has held that "[d]elays due to the complexity of the case and the large number of defendants support a finding that no

Sixth Amendment violation has occurred." Bass, 460 F.3d at 836.  Because it appears that the delay, even if attributable to the government, is not motivated by bad faith, harassment or attempts to seek a tactical advantage, or even by negligence, but is merely the result of the complexity of the case, this factor weighs heavily in favor of the government and against Gilaj's claim that his speedy trial rights were violated.  See United States v. Robinson, 455 F.3d 602, 607 (6th Cir. 2006).

      3.      Whether Gilaj asserted his right to a speedy trial

The third factor is Gilaj's assertion of his speedy trial rights.  Gilaj filed a motion to sever based on his speedy trial rights on August 16, 2012, a motion to proceed to trial based on his speedy trial rights on May 1, 2013, and the motion to dismiss based on speedy trial rights now before the court, which was filed on September 4, 2013.  Thus, it is clear that Gilaj has asserted his constitutional right to a speedy trial and this factor weighs in Gilaj's favor in deciding his motion to dismiss.

      4.      Whether Gilaj has been prejudiced by the delay

The fourth factor is whether Gilaj has been prejudiced by the delay.  This factor militates against Gilaj as he cannot show any constitutional deprivation where no prejudice exists.  In determining "prejudice," the court has identified three interests of the defendant for which the speedy trial right is meant to protect: "(I) to prevent oppressive pretrial incarceration, (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532.  Of these interests, the Supreme Court has stressed that the third factor is the most important "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."  Id.

Gilaj has not shown any particularized prejudice, but only alleges generally that witnesses' memories may fade over time and exculpatory evidence may be lost. The Sixth Circuit has held that vague and unsupported assertions that witnesses' memories may have faded is insufficient to show prejudice where the defendant fails to show which witnesses' memories were affected. Bass, 460 F.3d at 838. Similarly, Gilaj has failed to specify what allegedly exculpatory evidence may have been lost. Gilaj has not shown that the delay has prejudiced his defense in any way. The court is persuaded by the government's argument that Gilaj's counsel would not be prepared to mount a vigorous defense until review of the voluminous papers, DVDs, and audio recordings can be undertaken, and given that these materials were not produced until between June through September of this year, it appears that any delay in this case is not only not prejudicial, but likely a benefit to him.

In sum, although the delay here of over one year is presumptively prejudicial, based on the complexity of the conspiracies at issue and the voluminous audio recordings in Albanian involved, which the government needed to translate, and based on the fact that Gilaj has not shown any actual prejudice to his defense, Gilaj has failed to show any constitutional violation of his right to a speedy trial. Accordingly,

IT IS ORDERED that Gilaj's motion to dismiss based on an alleged violation of his Sixth Amendment right to a speedy trial (Doc. 87) hereby is DENIED.

**IT IS SO ORDERED.**

Dated: October 29, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 29, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk